UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| ROBERT H. JONES, )<br>)<br>) | Civil No. 15-02-GFVT |
| Plaintiff, )<br>) | |
| V. )<br>) | **MEMORANDUM OPINION &** |
| LIBERTY MUTUAL INSURANCE, ET ) <br>AL., )<br>)<br>) | **ORDER** |
| Defendants. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Before the Court are two related motions to dismiss Plaintiff Robert H. Jones's Complaint, collectively filed by six of the seven Defendants in this case. [R. 5 and 7] The Court acknowledges at the outset that Jones, filing pro se, has filed a Motion for Order of Removal of these Defendants on the grounds that "THEY HAVE NEITHER BEEN SERVED WITH SUMMUNERS AND COMPLAINT NOR HAVE THEY ANSWERED." [R. 9] It remains unclear which, if any, of these Defendants were served with Jones's Complaint.[1] At least some of the Defendants appear to argue that they were not properly served. [R. 7 at 5] In any event, the Defendants were under no obligation to file an answer to Jones's complaint until 14 days after the Court's resolution of their motions to dismiss. *See* FRCP 12(a)(4)(A). Moreover, as explained below, Jones's complaint must be dismissed for failure to state a claim upon which relief can be granted. Jones's Motion for Order of Removal is therefore DENIED AS MOOT.

---

[1] DE-4 indicates that summonses were issued as to all Defendants on 3/13/2015, but Jones never subsequently filed proof of service in the record.

Although Defendants provide myriad grounds for dismissal, the Court need only reach one. Specifically, the Court agrees with the Defendants' contention that Jones "completely fails to meet even the loosest construction of pleading standards set by *Ashcroft v. Iqbal*." [R. 7 at 3] Thus, for the reasons stated below, Jones's complaint is DISMISSED.

**I.**

On April 21, 2012, Jones's car was struck by Defendant Taylor Lenhart's vehicle. The resulting dispute between Jones and Lenhart's insurance company, Liberty Mutual Fire Insurance, forms the foundation of this lawsuit. Filing pro se, Jones now alleges a broad conspiracy involving multiple Defendants, including Lenhart, Liberty Mutual, Jones's former attorney, and many others. According to Jones, these Defendants collectively devised "A SKEME TO CHEAT, SWINDlE, DEFRA,00UD, PLAINTIFF ROBERT HJONES OF OVER $20,000.00 WITH A POTENTIAL LOSS OF OVER $1,000,000.00." [R. 1 at 2]

Most of the Defendants in this case are citizens of Kentucky, the same state in which Jones resides. Thus, the only basis for the Court's jurisdiction is 28 U.S.C § 1331, which grants this Court original jurisdiction over all "civil actions arising under the Constitution, laws, or treaties of the United States." Although his complaint is inexplicit and discursive, two of Jones's claims apparently seek to raise a federal question. Neither of these claims can survive dismissal.

**II.**

In evaluating the sufficiency of a complaint under FRCP 12(b)(6), this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). Additionally, complaints filed by pro se plaintiffs are held "to less stringent standards than

formal pleadings drafted by lawyers[.]" *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

Dismissal is ordinarily appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *DirecTV, Inc.*, 487 F.3d at 476 (quoting *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004)). When measuring a pleading against this standard, the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). Moreover, the facts pled in support of the plaintiff's claims must rise to the level of plausibility, not just possibility – "facts that are merely consistent with a defendant's liability . . . stop[ ] short of the line between possibility and plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

To demonstrate facial plausibility, "a plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). These requirements "serve[] the practical purpose of preventing a plaintiff with 'a largely groundless claim' from 'tak[ing] up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.'" *Twombly*, 550 U.S. at 545-46 (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005)).

### III.

### A.

Jones's complaint alleges two violations of federal law. He first declares that, following a "CLANDESTINE MEETING" in which two of the Defendants entered into an ambiguous agreement without Jones's consent, he "WAS NOTIFIED OF MY ROBERT H JONES ON THIS PROPOSITION WAS SENT TO JONES USING US POSTAL SERVICE." [R. 1 at 3]

3

Although it is difficult to decipher the claim embedded in Jones's statement, it appears that his reference to the "US POSTAL SERVICE" is an attempt to fasten a federal hook to the underlying claim. The Court, however, can identify no federal private cause of action implicated by the Defendants' alleged behavior. If Jones seeks to allege mail fraud, this Court can offer him no relief. Mail fraud is a criminal offense and provides no private right of action. *See, e.g., Ryan v. Ohio Edison Co.*, 611 F.2d 1170, 1179 (6th Cir. 1979) (holding "Congress did not intend to create a private cause of action for plaintiffs under the Mail Fraud Statute."); *Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997) (noting that "violations of [18 U.S.C. §§ 1341 & 1343]…do not give rise to private causes of action.") (citations omitted).

Second, Jones alleges that "DEFENDANTS DID ILLEGALLY HAUCK INTO PLAINTIFF'S ROBERT H. JONES PERSONAL COMPUTOR AND REMOVED A DOCUMENT OF NOTIFICATION OF UPCOMING LEGAL ACTION," ostensibly in violation of the federal Computer Fraud and Abuse Act. [R. 1 at 5-6] The chronology in which this alleged hack occurred is difficult to discern. Jones asserts that he "DID RECEIVE AN E-MAIL TO rhjones@HOTMAIL.COM DURING THE MONTH OF MAY 2014 WITH FOUR ATTACHMENTS THE RETURN E-MAIL ADDRESSWAS JR@ROSENBAUMPSC..COM." At some unspecified later point in time, Jones—who states that he is legally blind—recalls asking an assistant tasked with reading his emails "WHY I DID NOT HAVE COPIES OF THE EMAIL WITH 4 ATTACHMENTS," at which point he was informed there was "NO SUCH EMAIL IN MY COMPUTOR." [*Id.* at 5]

He next states, "I REMEMBERED SEEING A NOTICE, "SECURITY BREACHjr@rosenbaumps.com I THOUGHT NOTHING ELSE ABOUT IT WHY WOULD MY ATTORNEY NEED TO HAUCK MY COMPUTOR." Although it strains credulity to

4

believe that a message bearing the email address of a network intruder would appear on the Plaintiff's computer screen, the fantastic nature of his claim is not enough, standing alone, to warrant dismissal. *See, e.g., Iqbal*, 556 U.S. at 681 (finding that the "extravagantly fanciful nature" of a plaintiff's claims cannot alone "disentitle[] them to the presumption of truth."). Even accepting that such a notice appeared, however, Jones's claim still fails.

To begin, Jones cannot recover under the Computer Fraud and Abuse Act without demonstrating an ascertainable economic loss resulting from the alleged hack. The Computer Fraud and Abuse Act primarily concerns criminal conduct, and private plaintiffs may only bring suit under the Act in a narrowly defined set of circumstances. Under 18 U.S.C.A. § 1030(g), a civil action for violation of the Act "may be brought only if the conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i)." Subclauses (II)-(V) of this subsection are facially inapplicable to Jones.[2] The first subclause permits plaintiffs to file a civil suit upon showing "[l]oss to 1 or more persons during any 1-year period…aggregating at least $5,000 in value." The Act further stipulates, however, that "[d]amages for a violation involving only conduct described in subsection (c)(4)(A)(i)(I) are limited to economic damages." U.S.C.A. § 1030(g).

In the present case, Jones fails to plead any facts indicating that the alleged hack resulted in economic loss. The latter section of Jones's complaint contains a sprawling recitation of all the damages he claims to have incurred since the day of the motor vehicle accident, most of them non-economic in nature. These alleged damages range from $450,000 to $1,000,000. [R. 1 at 5]. None of these claims, however, bear any obvious relation to the alleged hack of Jones's

---

[2] These subclauses refer to violations involving (II) the modification or impairment of the plaintiff's medical records, care or diagnosis, (III) physical injury to any person, (IV) a threat to public health or safety, or (V) damage to a computer used by the United States Government in connection with the administration of justice, national defense, or national security. 18 U.S.C.A. § 1030(a)(4)(A)(i).

5

email. In the only apparent reference to damages associated with the hack, he states summarily that the alleged intrusion "POTENTIALLY" resulted in "DAMAGES TO THE PLAINTIFF OF OVER $100,000." [R. 1 at 4] Jones makes no attempt to explain how the removal of an email from his personal account could result in such a loss, nor does he indicate whether these damages are economic in nature. This bare assertion of "damages," in the absence of any elaboration or factual support, warrants dismissal of his claim. *See, e.g., Iqbal*, 556 U.S. at 663-64 (holding that "mere conclusory statements…are not entitled to the assumption of truth.").

Additionally, each of the facts alleged by Jones apparently occurred at discrete, unidentified points in time. It is wholly unclear when, or under what circumstances, Jones claims to have seen the security notice on his computer. He makes no attempt to establish a contextual or temporal connection between the loss of the purported email—which apparently occurred at some point prior to his assistant informing him that no such email existed—and the receipt of the alleged security notice. The complaint simply states that, (1) at one point in time, Jones recalls seeing the email in question, (2) at some other unspecified point in time, Jones's assistant informed him that the email did not exist, and (3) at yet another distinct and unidentified point in time, Jones recalls seeing a cryptic security notice that listed his attorney's email address.

The Court is thus left with the task of marshaling these disconnected facts and composing a narrative sufficient to implicate the Defendant in the alleged hacking of Jones's email. This project would require far more than accepting as true the assertion that a puzzling notice once appeared on Jones's computer screen. The Court would also have to accept as reasonable the inference that, in view of this notice, Jones's attorney (1) actually possessed the resources and inclination to hack into his client's personal computer and remove a message from his email

6

account, and (2) did in fact remove that message.  Admittedly, such an inference does not fall utterly outside the realm of possibility.  But it plainly "stops short of the line between possibility and plausibility."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).  As such, Jones's claim cannot survive dismissal.  *See, e.g., DirecTV, Inc.*, 487 F.3d at 476 (noting that the court "need not accept as true…unwarranted factual inferences") (quoting *Gregory*, 220 F.3d at 446).

### B.

In addition to the aforementioned claims, Jones's complaint arguably contains additional causes of action grounded in state law.  Having already dismissed those claims arising under federal law, however, any remaining state law claims are not fit for resolution by this Court.  *See, e.g., Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) (holding that "a federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims.") (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)).

For the foregoing reasons, the Court concludes that Jones has failed to state a claim upon which relief can be granted.  Accordingly, having reviewed the record and being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

(1)  Defendants' Motions to Dismiss **[R. 5 and 7]** are **GRANTED**;

(2)  The Court will enter an appropriate Judgment contemporaneously herewith; and

(3)  Plaintiff Robert H. Jones's Motion for Removal of Defendants **[R. 9]** is **DENIED AS MOOT.**

This 28th day of October, 2015.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge